IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PHILLIP VAN ZANT,
    Petitioner,

vs.                                        Case No. 5:05cv208/RS/EMT

FLORIDA PAROLE COMMISSION, et al.,
    Respondents.
_____/

**O R D E R**

      Petitioner initiated this action on October 7, 2005, by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1 at 1). Petitioner was then an inmate of the Florida Department of Corrections ("DOC"), housed at the Gulf Correctional Institution ("GCI") (*see id.*). In the habeas petition, Petitioner challenges a parole revocation, action that was taken by the Florida Parole Commission ("Commission") in Tallahassee, Florida on August 8, 2001 (*id.* at 1, 23). This matter is now before the court on Petitioner's motion for change of venue (Doc. 94), Respondent Florida Parole Commission's ("Commission") response in opposition thereto (Doc. 96), and Petitioner's reply (Doc. 100).

      Petitioner seeks the entry of an order transferring the instant habeas action to the United States District Court for the Middle District of Florida ("Middle District") (Doc. 94 at 2). In support, Petitioner acknowledges that at the time he initiated this action he was incarcerated at GCI, which is located in the Northern District of Florida ("Northern District") (*id.* at 1). Petitioner states, however, that he has since been transferred to the Hamilton Correctional Institution ("HCI"), which is located in the Middle District (*id.*). Petitioner asserts, therefore, that jurisdiction is proper in the Middle District since he is challenging his incarceration at HCI (*id.* at 2). Petitioner argues further

that his attorney, Jacob Payne, resides in Jacksonville, Florida, and transferring venue would be more efficient and cost effective for his attorney (*id.*).

In opposing Petitioner's motion, the Commission notes, in pertinent part, that a petition for writ of habeas corpus should be filed in the federal district court where the inmate's custodian resides, and that Petitioner's custodian is either the Florida Department of Corrections ("DOC"), headquartered in Tallahassee, Florida in the Northern District, or the Warden of HCI, who resides in the Middle District (*id.*). The Commission argues further that a petition could properly be filed in a federal district where there is territorial jurisdiction over Petitioner (*id.*). Thus, the Commission asserts, because the Florida Parole Commission is located within the territorial jurisdiction of the Northern District, venue would be appropriate in the Northern District (*id.*). Additionally, the Commission asserts that jurisdiction is appropriate in the Northern District because this case has already progressed once through this court, and the court is familiar with Petitioner's case (*id.*). Finally, the Commission argues that this court has not appointed counsel to represent Petitioner and that the attorney Petitioner references in his motion, Jacob Payne, was appointed only for the purpose of oral argument before the Eleventh Circuit (*id.* at 3).

In reply, in pertinent part, Petitioner reiterates his argument that venue is appropriate in the Middle District because he is incarcerated at the HCI (Doc. 100 at 2–3). Petitioner additionally requests that the court appoint Jacob Payne to represent him in this action (*id.*).[1] In the alternative, if this court determines that a change of venue to the Middle District is not appropriate, Petitioner seeks an order transferring this case to the Gainesville division of the Northern District (*id.* at 5).

Section 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the

---

[1] The court has previously denied a motion by Petitioner for the appointment of counsel (*see* Doc. 10), and his instant request is not properly before the court because it is contained in his reply and not brought by a separate motion. Petitioner is advised that a request for a court order shall be by motion. *See* Fed. R. Civ. P. 7(b). The title of the motion shall include a clear, concise and specific description of the motion and the filing party. *See* Fed. R. Civ. P. 7(b)(2), 10(a); N.D. Fla. Loc. R. 5.1(B)(2). The body of the motion shall state with particularity the grounds for the request and shall set forth the relief or order sought. *See* Fed. R. Civ. P. 7(b). Therefore, Petitioner's request will not be considered at this time. Petitioner, however, may seek the appointment of counsel by separately filing an appropriate motion.

Case No.: 5:05cv208/MCR/EMT

district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).

Thus, this action was properly filed in the Northern District, and could have only been filed in the Northern District, because at the time Petitioner initiated this action he was incarcerated in the Northern District, and the action by the Parole Commission that led to his incarceration occurred in the Northern District.[2] Moreover, even if Petitioner had been incarcerated in the Middle District at the time he initiated this action, venue would have been proper in either the Middle District, the district of his incarceration, or the Northern District, the district in which the parole revocation occurred (regardless of whether Petitioner's "custodian" is the warden where he was incarcerated or the DOC or both). *See* 28 U.S.C. § 2241(d); *see also* Irving v. Breazeale, 265 F. Supp. 116, 120 n.9 (S.D. Miss. 1967) (Southern District of Mississippi, in which the petitioner's state trial was conducted, had jurisdiction over his habeas petition filed there even though petitioner was incarcerated in the Northern District of Mississippi), *aff'd*, 400 F.2d 231 (5th Cir. 1968); Walker v. Lockhart, 620 F.2d 683, 684 n.1 (8th Cir. 1980) (although petitioner was confined in the Eastern District of Arkansas, venue was proper in the Western District wherein his state trial was held). The fact that Petitioner was not incarcerated in the Middle District when he initiated this action, but has since been transferred there, may now provide a basis for concurrent jurisdiction over his petition in both the Northern and Middle District Courts. However, even if this is the case, the court determines that transfer to the Middle District would not be "in furtherance of justice." 28 U.S.C. § 2241(d).

In concluding that transfer is inappropriate, the undersigned has considered the traditional venue considerations, which include: (1) the location where the material events took place; (2) the location where records and witnesses pertinent to the claim are likely to be found; (3) the

---

[2]Incidentally, Petitioner's parole resulted from a conviction in the Circuit Court in and for Leon County, Florida, which is also located in the Northern District (*see* Doc. 1 at 23; Doc. 94, Attach.).

Case No.: 5:05cv208/MCR/EMT

convenience of the forum for the petitioner and the respondent; and (4) the familiarity of the court with the applicable laws. *See, e.g.*, Roman v.. Ashcroft, 162 F. Supp. 2d 755, 765 (N.D. Oh. 2001).

Here, Petitioner's parole revocation occurred in the Northern District, and records and most of the witnesses relating to the revocation may also be found in this district. Moreover, the Northern District forum is clearly more convenient for Respondent, as the Commission is headquartered in the Northen District, whereas Petitioner would be inconvenienced only if a hearing is required for resolution of his claims, and the undersigned has not yet determined whether an evidentiary hearing will be necessary.[3] Furthermore, contrary to Petitioner's assertion, he does not have counsel assigned to this case, much less assigned counsel that resides outside the Northern District. Finally, the undersigned is familiar with Petitioner's case and the laws that apply thereto.[4] Indeed, Petitioner's case has been pending in this court since 2005. Thus, after considering all of these factors, the court concludes that they weigh against transfer of this action to the Middle District, and Petitioner's motion shall therefore be denied. Petitioner's alternative request, that this action be transferred to the Gainesville Division of the Northern District, shall also be denied, as no factual basis for the request exists, and transfer would not be in furtherance of justice.

Accordingly, it is **ORDERED**:

Petitioner's motion for change of venue (Doc. 94) is **DENIED**.

**DONE AND ORDERED** this 1st day of April 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] *See* Rule 8(a), Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules). A hearing is not required on "patently frivolous claims," claims "based upon unsupported generalizations," or "where the petitioner's allegations are affirmatively contradicted in the record," *see* Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting United States v. Guerra, 588 F.2d 519, 520–21 (5th Cir. 1979)), and the court has not yet made these determinations. If it is determined that an evidentiary hearing is not required, the court will make such disposition of the petition as justice requires, without the need for Petitioner's presence at a hearing. *See* 28 U.S.C. § 2243.

[4] The "familiarity with the law" factor is evenly balanced, as both this court and the Middle District are familiar with the applicable law, but this court is clearly more familiar with Petitioner's case.

Case No.: 5:05cv208/MCR/EMT