IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PHILLIP VAN ZANT,
      Petitioner,

vs.                            Case No. 5:05cv208/RS/EMT

FLORIDA PAROLE COMMISSION,
      Respondent.
_____/

## **ORDER**

      This cause is before the court upon Petitioner's Motion for Discovery (Doc. 108).  Petitioner seeks to obtain from Bell South the names and addresses of the telephone service subscribers to whom the twenty-nine telephone numbers listed on page 4 of the instant motion belong (*id.* at 1–2, 4).  He then wishes to serve the following two interrogatories upon each subscriber:  (1) do you know Phillip Van Zant, and (2) have you ever let Phillip Van Zant use your telephone (*id.* at 2).  Petitioner states this information will prove that he did not make harassing telephone calls to Ms. Virginia Baird-Johnston, which was the basis for Respondent's revoking his parole (*id.* at 1–2).

      Rule 6 of the Rules Governing § 2254 cases provides that a judge may authorize a party to conduct discovery if the requesting party shows good cause for conducting discovery.  *See* Rule 6(a), Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules).  The Supreme Court has recognized that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course."  Bracy v. Gramley, 520 U.S. 899, 904, 117 S. Ct. 1793, 1796–97, 138 L. Ed. 2d 97 (1997).  In interpreting the "good cause" portion of this rule, the Supreme Court noted that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry."  520 U.S. at 908–09 (citation and quotation omitted).  The Supreme Court has also has noted that the

rules "afford the district court substantial discretion in the conduct of a case." <u>Lonchar v. Thomas</u>, 517 U.S. 314, 326, 116 S. Ct. 1293, 1300, 134 L. Ed. 2d 440 (1996). Moreover, as the Eleventh Circuit discussed in <u>Isaacs v. Head</u>, 300 F.3d 1232 (11th Cir. 2002), "[i]n passing AEDPA . . . Congress modified the discretion afforded to the district court and erected additional barriers limiting a habeas petitioner's right to discovery or an evidentiary hearing." *Id.* at 1248–49.

In the instant case, Petitioner has failed to show good cause for conducting discovery. The facts which Petitioner seeks to dispute with the discovery material he requests, that is, facts showing that the source of several telephone calls to Ms. Baird-Johnston during a specific time period were not him, were previously resolved at the final parole revocation hearing in 2001. Petitioner states he obtained the twenty-nine telephone numbers from Ms. Baird-Johnston's telephone records during the parole revocation proceedings, but he does not explain why he was not able to obtain the telephone subscriber information he seeks now, nor has he explained why the discovery that he seeks now is any different from the discovery that was available to him in the parole proceeding. Although Petitioner states he sought to obtain the same discovery material from Bell South in his second habeas proceeding filed on July 8, 2003 in the state courts (*see* Doc. 1 at 21–22; Doc. 11; Doc. 36, Ex. L), he states the state court denied his motion to compel discovery of the material and dismissed the habeas petition as an abuse of the writ (*see* Doc. 11 at 2; Doc. 36, Ex. N). Petitioner appealed the dismissal, and the appellate court dismissed the appeal for lack of jurisdiction (*see* Doc. 21, Exs. B, C; Doc. 36, Exs. O, P). Petitioner waited until after his parole revocation hearing and after the conclusion of the appeal of the revocation, pursuant to the first state habeas proceeding, to seek the telephone subscriber information from Bell South, and the state court to which he presented his discovery request, that is, the court in the second habeas proceeding, reasonably denied his motion to compel production of the material in light of its dismissal of his second habeas petition as an abuse of the writ. The undersigned concludes that Petitioner failed to exercise sufficient diligence to obtain the sought-after discovery in the state courts, and he has failed to satisfy the "good cause" requirement of Rule 6(a). Therefore, he is not entitled to production of this material in the instant federal habeas proceeding. *See* <u>Crawford v. Head</u>, 311 F.3d 1288, 1328–29 (11th Cir. 2002) (habeas petitioner was not entitled to have items mentioned in law enforcement report subjected to

independent serological testing in federal habeas proceeding where petitioner failed to exercise sufficient diligence in seeking testing of items while in state court; petitioner only moved state habeas court for permission to do so on day before evidentiary hearing, and state court reasonably denied motion as untimely); *see also* <u>Isaacs</u>, 300 F.3d at 1248–50.

Accordingly, it is **ORDERED**:

Petitioner's Motion for Discovery (Doc. 108) is **DENIED**.

**DONE AND ORDERED** this  15th  day of July 2009.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**