IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PHILLIP VAN ZANT,
    Petitioner,

vs.                                                    Case No.: 5:05cv208/RS/EMT

FLORIDA PAROLE COMMISSION
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Petitioner's Motion for Stay, filed pursuant to Rule 8(a)(1) of the Federal Rules of Appellate Procedure (Doc. 126). Petitioner seeks a stay of the habeas proceedings in the district court until the Eleventh Circuit Court of Appeals decides his appeal of the district court's order denying his motion to conduct discovery.

A party seeking stay of a district court order pending appeal is required to show the district court: (1) its strong position on the merits of the appeal; (2) irreparable injury if the stay was denied; (3) that a stay would not substantially harm the other parties to the litigation; and (4) that public interests favor a stay. *See* In re Federal Grand Jury Proceedings (FGJ 91-9), Cohen, 975 F.2d 1488, 1492 (11th Cir. 1992); *see also* Hinrichs v. Bosma, 440 F.3d 393, 396 (7th Cir. 2006); Fargo Women's Health Organization v. Schafer, 18 F.3d 526, 538 (8th Cir. 1994); Securities Investor Protection Corp. v. Blinder, Robinson & Co., Inc., 962 F.2d 960 (10th Cir. 1992); Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991). In the instant case, Petitioner has failed to show he has a strong position on the merits of the appeal. The order denying discovery is not immediately appealable; therefore, the appeal will likely be dismissed for lack of jurisdiction. *See* Carpenter v. Mohawk Industries, Inc., 541 F.3d 1048 (11th Cir. 2008).

Accordingly, it is respectfully **RECOMMENDED**:

That Petitioner's Motion for Stay (Doc. 126) be **DENIED**.

At Pensacola, Florida this 29th day of September 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**