IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PHILLIP VAN ZANT,
     Petitioner,

vs.                            Case No.:  5:05cv208/RS/EMT

FLORIDA PAROLE COMMISSION
     Respondent.
_____/

## O R D E R

     This cause is before the court on Petitioner's "Objection to Magistrates [sic] Order" (Doc. 154), in which Petitioner objects to the order issued by the undersigned on October 15, 2009, requiring Respondent to file a supplemental answer (Doc. 151).  The court construes Petitioner's objection as a motion for reconsideration.

     In the October 15, 2009 order, the court directed Respondent to file a supplemental answer because Respondent's answer addressed only Claims 1–4 of the habeas petition and failed to address Claims 5–8 (*see id.*).  The court determined that Respondent's answer did not comply with Rule 5 of the Rule Governing Section 2254 Cases, and Respondent's addressing all of Petitioner's claims would aid the court in making a just disposition of the petition (*id.*).  Petitioner contends the court erred by allowing Respondent to file a supplemental answer because Respondent defaulted and forfeited his right to address Claims 5, 6, 7, and 8 by not addressing them in its answer (*see* Doc. 154).  He further contends Respondent should have been instructed to address only Grounds 5, 6, 7, and 8 because Respondent should not be permitted to "relitigate" Claims 1–4 (*id.*).

     Petitioner has failed to show that the order issued October 15, 2009 was clearly erroneous or contrary to law, therefore, the motion for reconsideration shall be denied.  The Eleventh Circuit has held that default judgments are inappropriate in habeas corpus cases.  <u>Aziz v. Leferve</u>, 830 F.2d

184, 187 (11th Cir. 1987) ("[A] default judgment is not contemplated in habeas corpus cases. . . .").[1] Additionally, as Respondent has now filed the supplemental answer, and it addresses only Claims 5–8 (Doc. 153), Petitioner's argument concerning relitigation of Claims 1–4 is moot. Petitioner is advised that he may obtain review of an order of this court on any pretrial matter by filing a motion for reconsideration with the district court, pursuant to 28 U.S.C. § 636(b)(1)(A), in which he must show that this court's order was clearly erroneous or contrary to law.

Accordingly, it is **ORDERED**:

1. Petitioner's "Objection to Magistrates [sic] Order," construed as a motion for reconsideration (Doc. 154), is **DENIED**.

2. Petitioner may, but is not required to, reply to Respondent's supplemental answer (Doc. 153) within **THIRTY (30) DAYS** from the date of docketing of this order.

**DONE AND ORDERED** this 9th day of November 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]Other circuits agree. *See, e.g.,* Lemons v. O'Sullivan, 54 F.3d 357, 364–65 (7th Cir. 1995) ("Default judgment is an extreme sanction that is disfavored in habeas corpus cases."); Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970) (concluding that default judgments are not available in habeas corpus proceedings, and that Federal Rule of Civil Procedure 55 pertaining to entry of default judgment is not applicable in habeas corpus cases).